**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**BLUE HILLS CEMETERY, INC., Respondent.**

**No. 77–1344.**

United States Court of Appeals, First Circuit.

Argued Nov. 8, 1977.

Decided Dec. 27, 1977.

Howard F. Fine, Atty., Washington, D. C., with whom John S. Irving, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Associate Gen. Counsel and Elliott Moore, Deputy Associate Gen. Counsel, Washington, D. C., were on brief, for petitioner.

Hyman Borax, Braintree, Mass., for respondent.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

The principal issue in this case is whether the terms of the Board's remedial order are

to be read to require Blue Hill Cemetery, Inc. (the employer) to reinstate Stennes to year-round rather than seasonal employment; and if so, whether the ordering of year-round reinstatement is adequately supported in the record.* The Board requires Stennes to be reinstated to "his former position, or, if such position no longer exists, to a substantially equivalent position . . . ." The employer contends that Stennes was hired as a temporary employee and that even if Stennes was unlawfully discharged, the Board's order to restore him to "his former position" should be interpreted only to require reinstatement to the temporary, spring-time position. However, the Board's rationale and findings make it clear that Stennes' "former position" must be understood to be a year-round position; and we find that the Board was within its powers in ordering reinstatement on that basis.

■ The cemetery superintendent, Keating, testified before the administrative law judge (ALJ) that he had promised Stennes only temporary "winter grave" work and that he discharged him on the day in question only because the tasks for which he was hired had been completed. Stennes testified, however, that Keating had said that there was plenty of work year-round, implying that he would be retained indefinitely, and there was evidence that Keating knew that Stennes was only interested in permanent work. The circumstantial evidence, including the fact that Stennes was discharged on the very day his union leadership came to the employer's attention, tends to support Stennes' version and to undermine Keating's. In any event, after hearing, the ALJ held that he did not credit Keating's testimony when it conflicted with that of Stennes, and went on explicitly to reject the employer's contention that Stennes had been given merely temporary employment in the spring to work on what are known as "winter graves". We find adequate record support for the ALJ's and the Board's findings to this effect, as well as for the ultimate finding that the employer

violated section 8(a)(3) and (1) of the National Labor Relations Act by discharging Stennes because of union activity. Much weight must be given to the credibility determinations of the ALJ, *Associated Grocers of New England, Inc. v. NLRB*, 562 F.2d 1333, 1338 (1st Cir. 1977), and while there is evidence pointing both ways, it is not our function to retry the case on a cold record. "This court's function is limited to deciding whether on the record as a whole there is substantial evidence to support the Board's findings." *NLRB v. Pearl Bookbinding Co.*, 517 F.2d 1108, 1112 (1st Cir. 1975).

■ In rejecting the employer's exculpatory version of events in determining that Stennes was wrongfully discharged, the ALJ necessarily rejected the claim that Stennes was hired for only temporary "winter grave" work. His explicit crediting of Stennes' testimony and his discrediting of Keating's, as well as other portions of the decision, leave no doubt of the Board's understanding that Stennes was hired on a year-round basis subject, of course, to mutual satisfaction. It follows that the "former position" referred to in the Board's order can only mean year-round or equivalent employment. Such relief is supported by the same evidence, and on the same rationale, as is the finding of an unfair labor practice. It would make little sense to uphold the unfair labor practice finding but order only temporary "winter grave" reinstatement, since if Stennes' job had ended on the day he was let go, as Keating claimed, it would not have been an unfair labor practice to release him.

To the extent our questioning at the hearing, based on an incomplete understanding of the record, may have suggested that we believed the issue of temporary or year-round employment was left unresolved by the ALJ's decision and the Board's order, we withdraw the suggestion. Plainly the words "former position" or "substantially equivalent position" cannot be read as limited to the setting of winter graves.

---

* The employer offers to reinstate Stennes only as a winter grave resetter—work requiring several weeks in the spring and ending by Memorial Day.

We also uphold the Board's finding of violation of section 8(a)(1).

*Enforcement granted.*